THE MECHANICS NATIONAL BANK OF PROVIDENCE *vs.* VAGARSHAG TOMASIAN.

JANUARY 22, 1937.

PRESENT: Flynn, C. J., Moss, Baker, and Condon, JJ.

FLYNN, C. J. This is an action in assumpsit brought by the plaintiff bank, as holder in due course of a promissory note, against the defendant as maker thereof. The case was tried before a justice of the Superior Court, sitting with a jury. At the conclusion of the plaintiff's testimony, the defendant rested his case without introducing any evidence, and moved immediately that a verdict be directed in his favor. The trial justice denied this motion, to which ruling the defendant duly excepted. The plaintiff then moved that a verdict be directed for the plaintiff in the sum of $1,177.13, which motion was granted and the trial justice directed the jury to return a verdict for the plaintiff

in the above amount. The case is before this court upon the defendant's single exception to the denial by the trial justice of his motion to direct a verdict for the defendant.

The evidence discloses that the defendant was the maker of a promissory note for $1,150, with interest at the rate of six per cent., payable to the J. B. Monette Company. The cashier of the plaintiff bank, who was the only witness in the case, testified that the bank discounted the note in question for the payee; that the proceeds of the note were deposited to the credit of the bank account of the payee in the plaintiff bank; and that, to the best of his recollection, withdrawals from these proceeds were made by the payee and paid by the bank. In cross-examination it appeared that the payee subsequently went into receivership and that the bank received in those proceedings a dividend of $109.25 on this note, which the bank credited as partial payment on the note in question. No fraud on the part of the plaintiff was alleged or proved.

The sole question raised by the defendant's bill of exceptions is whether, on the evidence, the court erred in denying the motion to direct a verdict in favor of the defendant. Applying the well-settled rule that, upon a motion to direct a verdict, all the evidence and proper inferences therefrom must be considered from the viewpoint most favorable to the adversary party, the defendant's exception is without merit.

The transcript discloses, in the absence of any evidence whatever from the defendant, that a *prima facie* case was made out for the plaintiff upon the note in question, unless the defendant's contention be correct that the plaintiff bank was not a holder in due course of the note upon which the action is based. The authorities apparently are not in entire harmony upon whether a bank is a holder in due course, where it discounts a note and credits the proceeds thereof to the payee's deposit account in the bank. Where the proceeds so deposited are subsequently drawn upon by the payee and paid out in full by the bank, the

greater weight of authority and reason seems to support the view that the bank is then considered a holder of the note in due course. 8 C. J. 483-485; 24 A. L. R. 901-904. There is also respectable authority for the proposition that the bank is such a holder in due course where the proceeds of a note, credited to the payee's account, are only partially withdrawn by the payee or paid out by the bank.

In the instant case, however, we need not decide the latter question because the evidence appearing in the transcript supports the holding, at least *prima facie,* that the proceeds of this note were deposited to the credit of the payee's account and by him withdrawn or checked out and paid in full by the bank. It is unquestioned in the transcript of testimony that the proceeds of the note were partially withdrawn. It is not so definite, perhaps, as to whether *all* these proceeds were actually paid out but, by the same token, it is not definite that less than the full amount of the proceeds was paid out. Viewing all the evidence and proper inferences most favorably to the plaintiff, a careful reading of the transcript discloses sufficient warrant to conclude that all of the proceeds of the note so credited were withdrawn later by the payee and paid out by the bank.

Therefore, in the absence of any testimony in behalf of the defendant and according to the greater weight of authority, we are of the opinion that the plaintiff bank was a holder of the note in due course and was entitled to enforce payment thereof free from any personal, as distinguished from real, defenses that might be available between the immediate parties. G. L. 1923, Chap. 227, Sec. 63.

The defendant further contends that there has been an improper splitting of a cause of action by the plaintiff's receiving a partial dividend from the estate of an insolvent endorser and the crediting thereof on account of the note herein sued upon. Whether, under the present circumstances, this cause of action can be split, and whether the

court's direction of a verdict for the face value of the note, less the amount of the dividend received and credited on the note, constitutes in law such a splitting of the cause of action, are questions which might have been raised by the defendant, if he had prosecuted an exception to the ruling of the court granting the plaintiff's motion for a directed verdict. But the defendant moved for a direction of verdict in his favor solely on the ground that there was no consideration paid by the bank, and it is only his exception to the denial of this motion which the defendant chose to bring before us by this bill of exceptions. Only those errors which are specifically and separately set out in the bill of exceptions according to the statute are properly before us for consideration and determination.

For the reasons stated, the exception of the defendant is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Albert deR. Baker, Baker & Spicer,* for plaintiff.
*Joseph C. Cawley,* for defendant.